# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 11-117V
Filed: May 10, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| BEDFORD BOYLSTON, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

<u>Renee J. Gentry</u>, Vaccine Injury Clinic, George Washington University Law School, Washington, D.C., for petitioner.
<u>Ann D. Martin</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 25, 2011, Bedford Boylston ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving influenza ("flu") vaccinations on December 15, 2008, and September 25, 2009, he suffered encephalitis and/or the significant aggravation of encephalitis. <u>See</u> Decision, filed Feb. 2, 2016. Further, petitioner alleged that he experienced residual effects of his injury for more than six months. <u>Id.</u> On February 1, 2016, the parties filed a stipulation stating that a decision should be entered awarding compensation. A Decision pursuant to the terms of the parties' stipulation was issued February 2, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

On April 11, 2016, petitioner filed an application for attorneys' fees and costs, requesting $92,441.35 in attorneys' fees and costs, and $4,378.03 in petitioner's costs,[2] for a total fees and costs award of $96,819.38. Petitioner's ("Pet'r's") Application ("App.") at 1. Respondent filed a response to petitioner's application on April 27, 2016, stating:

> Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $62,000.00 to $79,000.00 . . . . Respondent therefore respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs within that range.

Resp's Resp. at 3 (footnote omitted). Petitioner filed a reply on May 9, 2011. This matter is now ripe for adjudication.

For the reasons set forth below, the undersigned awards petitioner a total of $74,343.13 in attorneys' fees and costs.

I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

---

[2] Counsel submitted a statement, signed by petitioner, which states that no retainer was paid to counsel, and that "[a]ny other retainers or expenses incurred by Petitioner in bringing this action are listed in the attached table." Pet'r's App., Att. 1 at 1. Counsel also submitted a list of expenses totaling $18,894.88, which does not indicate which expenses were incurred by petitioner himself. Pet'r's App., Att. 1, Ex. 5. From the receipts submitted, it appears that petitioner paid for the filing fee, economic loss report, and postage. See generally id. Although this information cumulatively provides the information required by General Order #9, that order requires that petitioners submit *a* statement signed by petitioner and counsel which clearly delineates which costs were borne by counsel and which costs were borne by petitioners, including the amount of any retainer that has been paid. See General Order #9. In the future, counsel should consolidate the information into one statement to be in compliance with the letter of General Order #9.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

      **i. Hourly Rates**

Petitioner requests the following hourly rates for the attorneys who worked on this matter:

    Peter Meyers:[3]
        2011 – $355
        2012 – $370
        2013 – $385

    Clifford Shoemaker:[4]
        2014 – $430
        2015 – $430
        2016 – $430

    Renee Gentry:[5]
        2014 – $415
        2015 – $415
        2016 – $415

---

[3] Pet'r's Motion, Att. 1, Ex. 2 at 7. (Attachment 1 contains exhibits labeled 1-5. Some are independently paginated and others are not. For consistency, the exhibits are therefore all cited by reference to the CM/ECF-generated pdf pagination).

[4] Pet'r's Motion, Att. 1, Ex. 3 at 9-12.

[5] Id. at 12-18.

       SSK:[6]
           2015 – $415
           2016 – $415

       Law Students:[7]
           2011 through 2016 – $150

    The issue of an appropriate hourly forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Pursuant to McCulloch, the following ranges of rates are appropriate depending on an attorneys' years of experience:

- $350 to $425 per hour for attorneys with more than 20 years of experience
- $300 to $375 per hour for attorneys with 11 to 19 years of experience
- $275 to $350 per hour for attorneys with 8 to 10 years of experience
- $225 to $300 per hour for attorneys with 4 to 7 years of experience
- $150 to $225 per hour for attorneys with less than 4 years of experience
- $145 per hour for law clerks

McCulloch, 2015 WL 5634323, at *19, *21.

    In addition, Chief Special Master Dorsey recently issued a Decision determining reasonable hourly forum rates for Mr. Meyers, Mr. Shoemaker, Ms. Gentry, and the law students in the George Washington Law School Vaccine Injury Clinic.  See Miller v. Sec'y of Health & Human Servs., No. 13-914V (Fed. Cl. Spec. Mstr. Apri. 12, 2016).  Petitioner states that the requested rates are based on McCulloch rates, however, a few of the requested rates are not in line with the McCulloch rates set forth above and/or the rates awarded in Miller, and will be adjusted accordingly.

              **Mr. Meyers**

    Petitioner requests $355 per hour for work performed by Mr. Meyers in 2011, $370 per hour for work performed in 2012, and $385 per hour for work performed in 2013.  These rates are consistent with the range of rates approved in McCulloch for attorneys with more than 20 years of experience, and are consistent with the rates awarded to Mr. Meyers in Miller.  See Miller, No. 13-914V (Fed. Cl. Spec. Mstr. Apr. 12, 2016).  The undersigned finds the requested rates reasonable based on Mr. Meyers' thirty years of legal experience, extensive vaccine litigation experience, and high quality work in Vaccine Cases.  **As requested, the undersigned**

---

[6] Id. at 18.  The undersigned notes that "SSK" appears to be Sabrina Knickelbein, an attorney at Shoemaker & Associates.  See http://www.shoemakerassociates.com/index.php?option=com_content&view=article&id=50&Itemid=68.

[7] Pet'r's Motion, Att. 1, Ex. 4, at 26.

**will award Mr. Meyers $355 per hour for work performed in 2011, $370 per hour for work performed in 2012, and $385 per hour for work performed in 2013.**

### Mr. Shoemaker

Petitioner requests $430 per hour for work performed by Mr. Shoemaker in 2014, 2015, and 2016. This rate is higher than the 2014 and 2015 rates approved in McCulloch for attorneys with more than 20 years of experience. In Miller, Mr. Shoemaker was awarded $400 per hour for work performed in 2014 and $415 per hour for work performed in 2015. The Chief Special master noted that Mr. Shoemaker has more than 20 years of experience and has been practicing vaccine litigation since 1978. He has been involved with the Vaccine Injury Clinic at George Washington University Law School since 2007 and recently became co-director of the clinic. Id. **The undersigned will award Mr. Shoemaker $400 per hour for work performed in 2014, $415 per hour for work performed in 2015, and $430 per hour for work performed in 2016.[8]**

### Ms. Gentry

Petitioner requests $415 per hour for work performed by Ms. Gentry in 2014, 2015, and 2016. Ms. Gentry has 20 years of litigation experience, and has practiced vaccine litigation since 2001. Pet'r's App., Att. 1, Ex. 1, ¶ IC. She has been a co-director of the Vaccine Clinic since 2015. Id. at ¶ IA. In Miller, Ms. Gentry was awarded $375 per hour for work performed in 2014, and $400 per hour for work performed in 2015. These rates reflect the fact that Ms. Gentry only had 19 years of experience in 2014, and thus her 2014 rate should be determined based on the McCulloch category of attorneys with 11 to 19 years of experience. Beginning in 2015, Ms. Gentry falls into the category of attorneys with more than 20 years of experience. **The undersigned will award Ms. Gentry $375 per hour for work performed in 2014, $400 per hour for work performed in 2015, and $415 per hour for work performed in 2016.**

### Ms. Knickelbein

Petitioner requests $415 per hour for work performed by Ms. Knickelbein in 2015 and 2016. Ms. Knickelbein appears to have approximately 14 years of experience.[9] Under McCulloch, she would therefore fall into the category of attorneys with 11 to 19 years of experience for whom a reasonable 2014-2015 rate is between $300 and $375 per hour. A recent decision by another special master following McCulloch awarded Ms. Knickelbein a rate of $350 for work performed in 2015. L.A. v. Sec'y of Health & Human Servs., No. 12-629V, 2016 WL 1104860, at *5 (Fed. Cl. Spec. Mstr. Feb. 29 2016). **The undersigned will award Ms.**

---

[8] The awarded rate for 2016 is based on an upward adjustment of 3.7% from the 2015 rate. 3.7% is the yearly adjustment based on attorney fee inflation applied in McCulloch. See McCulloch, 2015 WL 5634323, at *16. The same is true for the 2016 rates awarded to Ms. Gentry and Ms. Knickelbein.

[9] See Ms. Knickelbein's firm biography at
http://www.shoemakerassociates.com/index.php?option=com_content&view=article&id=50&Itemid=68
(stating that she received her J.D. in 2002).

**Knickelbein $350 per hour for work performed in 2015 and $365 per hour for work performed in 2016.**

### Law Students

Petitioner requests an hourly rate of $150 for the law students who worked on this matter. Although the students are certified under the Rules of the United States Court of Federal Claims, the students are not licensed to practice law as attorneys and therefore do not fall into the McCulloch category of *attorneys* with less than four years of experience. See Pet'r's App., Att. 1, Ex. 1, ¶IIA. Like the students in the present case, the "law clerks" awarded $145 per hour in McCulloch were law students who worked at the firm under supervision of the firm attorneys. McCulloch, 2015 WL 5634323, at *21. **The undersigned will compensate law student time at a rate of $145 per hour.**

   ii.   **Hours Expended**

Petitioner requests compensation for 30.9 hours of work expended by Mr. Meyers, 17.7 hours expended by Mr. Shoemaker, 42 hours expended by Ms. Gentry, and .7 hours expended by Ms. Knickelbein. See generally, Pet'r's App., Att. 1. On review of petitioner's billing record, the undersigned finds the number of attorney hours expended reasonable. Petitioner's fee application includes an adequate log of the hours expended and dates of services performed on this case, and the names of the person providing the services. See generally, id. The number of hours claimed is justified by the complexity of the case, which involved significant issues of fact and causation, was settled following mediation, and involved an economist and life care planner. See Pet'r's Reply at 1-2.

Petitioner also requests compensation for 274.9 hours of law student time, which the undersigned finds excessive. Pet'r's App., Att. 1, Ex. 4 at 26. It appears that there is yearly turnover of the law students, which requires significant learning and re-learning of the file in cases such as this one that go on for years. A total of 10 different students worked on this case, in 5 different teams. See generally, Pet'r's App., Att. 1, Ex. 4. Indeed, petitioner states that "the change-over from year to year and thus student-team to student-team did result in a certain amount of coming up to speed on the part of petitioner's counsel." Pet'r's Reply at 2. Petitioner asserts that the change-over is accounted for by "the fact that the student-attorneys are effectively billed at paralegal/clerk rates." Id. In this case, however, the fact that the students billed 274.9 hours in addition to 91.3 hours billed by licensed and experienced attorneys reflects a primary purpose of educating students rather than efficiently performing case work. A $145 per hour rate for law student interns may be reasonable if the students are essentially providing support for attorneys, such as legal or medical research, with a modest time commitment. But billing 274.9 hours suggests a relearning of the case by multiple teams of students over the five year span of the case. This type of educational experience is appropriately billed at a substantially lower rate or substantially reduced hours. The undersigned finds it reasonable to compensate the students for time spent moving the case forward, such as drafting case documents and corresponding with or meeting the client. However, a significant amount of time was billed for tasks such as team meetings with the professors to discuss the case and for reviewing the file. See id. **Accordingly,**

**the undersigned will compensate 137.45 hours of work performed by law students in this case.**

   b. Costs

Petitioner requests a total of $18,894.88 in costs. Pet'r's App., Att. 1, Ex. 5. The requested costs are primarily composed of the costs for obtaining a life care plan, economic loss report, and mediation services. Upon review, the undersigned finds the requested costs associated with the litigation of this claim reasonable. Accordingly, as requested, **the undersigned awards $18,894.88 in attorneys' fees and costs. This amount represents $14,516.85 in attorneys' costs and $4,378.03 in petitioner's costs.**

   II.   Conclusion

The undersigned finds a total attorneys' fees and costs award of $74,343.13 reasonable. This amount represents the following:

| | |
|---|---:|
| Attorneys' Fees: | **$55,448.25** |
|     Mr. Meyers: $11,358.00 | |
|     Mr. Shoemaker: $7,308.00 | |
|     Ms. Gentry: $16,599.50 | |
|     Ms. Knickelbein: $252.50 | |
|     Law Students: $19,930.25 | |
| | |
| Costs: | **$18,894.88** |
|     Attorneys' Costs: $14,516.85 | |
|     Petitioner's Costs: $4,378.03 | |
| | |
| Total Fees and Costs: | **$74,343.13** |

Respondent makes a general suggestion that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims. . . a reasonable amount for fees and costs in the present case would fall between $62,000.00 to $79,000.00." Resp's Resp. at 3. In support of this contention, respondent cites Scharfenberger and Jones, cases in which the special masters awarded $79,213.71 and $62,428.64, respectively. Id. (citing Scharfenberger, 2015 WL 3526559; Jones, 2014 WL 7508006). Respondent describes Scharfenberger as a case that "settled three years after filing, following a mediation, where petitioner retained an economist to prepare a lost earnings analysis," and Jones as a case that "settled following a mediation" and "included a life care plan." Id. The undersigned is impressed, however, that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to general similarities of procedural history or other general categories of cases. The time records of counsel provide the best evidence of hours expended. As respondent states, special masters are accorded "wide discretion in determining the reasonableness of a petitioner's request for reasonable attorneys' fees and costs," and "may rely on their prior experience in making reasonable fee determinations." Id. at 2 (internal quotations omitted). Upon review of the documentation of the requested attorneys' fees and

costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total of $74,343.13 reasonable.

The undersigned awards attorneys' fees and costs as follows:

> **(1) A lump sum of $69,965.10 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Renee J. Gentry, for attorneys' fees and costs.**
>
> **(2) A lump sum of $4,378.03 in the form of a check payable to petitioner, for petitioner's costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[10]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[10] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.